**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KURTIS BROWN, | : | |
| | : | Civil Action No. 07-5811 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SALEM CO. CORR. FACILITY, et al., | : | |
| | : | |
| Defendants.[1] | : | |

**APPEARANCES**:

Plaintiff pro se
Kurtis Brown
Salem County Correctional Facility
125 Cemetery Road
Woodstown, NJ 08098

**SIMANDLE**, District Judge

   Plaintiff Kurtis Brown, a pre-trial detainee confined at Salem County Correctional Facility, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application

---

   [1] Plaintiff names only one defendant, Salem Co. Corr. Facility, in the caption of the Complaint.  In the body of the Complaint, however, Plaintiff names additional defendants, "Head Doctor (Dr. Riuz)," and "Warden, Salem County Correctional Facility."  The Clerk will be ordered to correct the docket to reflect these additional defendants.

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he is a federal pre-trial detainee, confined at Salem County Correctional Facility while awaiting sentencing.[2]  Plaintiff alleges that, while confined at Salem County Correctional Facility, he was playing basketball and slipped on a puddle of water.  As a result, he injured his wrist, knee, and back.  He received surgery on his knee.  Plaintiff alleges that the injury was due to "their lack of cleaning recreation areas properly and not informing inmate of wet slippery floor."

---

[2] This Court will take judicial notice of its criminal dockets involving Plaintiff.  This Complaint is dated October 15, 2007, and was received by the Court on December 6, 2007.  As of the October 15, 2007, date of the Complaint, criminal charges were pending against Plaintiff in two matters: United States v. Brown, 07-cv-0890 (RBK) and United States v. Brown, 07-cr-0019 (RBK).  In both of these matters, Plaintiff entered a guilty plea on October 29, 2007.  Plaintiff was sentenced in both of these matters on February 8, 2008.

Plaintiff alleges that he is a federal inmate, but is being charged out of his institutional trust account for the knee surgery. He alleges that the doctor who performed the initial knee surgery has recommended further surgery, but he is being denied the further surgery. Plaintiff alleges that he currently walks with a limp and has problems bending and going up stairs.

Plaintiff names as defendants Salem County Correctional Facility, the Warden, and the Head Doctor. He seeks payment of his medical expenses and additional compensatory damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

Pre-trial detainees and convicted but unsentenced prisoners retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment.  See Hubbard v. Taylor, 399 F.3d 150  (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000).  Analysis of whether such a detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  441 U.S. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  Id. at 539 n.20, 561-62.

The allegations that the floor was wet and that Plaintiff was not warned of the wet floor amounts to nothing more than an

7

allegation of negligence, which does not rise to the level of a constitutional violation.  See Daniels v. Williams, 474 U.S. 327 (1986) (finding no due process violation arising out of prison guard's negligence in leaving pillow on staircase, which caused prisoner to fall and injure himself); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights).

Nor is there any statutory or constitutional violation arising out of the deduction of nominal amounts from Plaintiff's institutional trust account for medical expenses.[3]  Pursuant to 18 U.S.C. § 4013(d), with certain limitations not raised by Plaintiff's allegations, a state or local government may assess and collect a reasonable fee from the trust fund account of a federal prisoner for health care services, provided the fee is authorized under state law.  Pursuant to N.J.S.A. § 30:7E-2, county governments in New Jersey may assess and collect such fees from prisoners confined or detained in county jails.

---

[3] The institutional account statement attached to Plaintiff's application for leave to proceed in forma pauperis shows numerous debits (identified only by codes, which do not permit this Court to know with certainty their purpose) in amounts under $10.  The largest debit is in the amount of $18.41.  The account statement also shows regular withdrawals for commissary purchases and shows a final positive balance of $43.88.

In addition, such co-pay policies are constitutionally permissible, under both the Eighth and Fourteenth Amendments, if they do not interfere with timely and effective treatment of serious medical needs.  See, e.g., Reynolds v. Wagner, 128 F.3d 166, 173-82 (3d Cir. 1997) ("There is, of course, no general constitutional right to free health care.").  As Plaintiff does not allege that he has been denied treatment because of an inability to pay, and his institutional account statement reveals the ability to pay nominal fees, he fails to state a claim based upon the assessment of a modest fee for medical care.

There remains Plaintiff's claim that he is being denied follow-up surgery contrary to the recommendation of his surgeon.  This claim may proceed as against Dr. Riuz.[4]  However, the claim must be dismissed as against the remaining defendants.

---

[4] With respect to medical care and prison conditions, pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 545 (1979); Hubbard v. Taylor, 399 F.3d 150, 165-66 (2005); Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003); Kost v. Kozakiewicz, 1 F.3d 176, 187-88 (3d Cir. 1993).

An allegation of deliberate refusal to provide surgery that has been recommended by a surgeon would be sufficient to state a claim for violation of the Eighth Amendment's proscription against cruel and unusual punishment.  See, e.g., Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  Thus, the allegation is also sufficient to state a claim by this pre-trial detainee for violation of his rights under the Due Process Clause of the Fourteenth Amendment.

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Plaintiff's claim against the warden appears to be based solely upon an untenable theory of vicarious liability. The only allegation against the warden is that "He is the Supervisor of the entire facility." Accordingly, the claim against the Warden will be dismissed without prejudice.

10

In addition, a county jail is not a "person" amenable to suit under 42 U.S.C. § 1983. See, e.g., Marbry v. Correctional Medical Services, 238 F.3d 422, *2 (6th Cir. 2000) (unpubl.); Ogden v. Huntingdon Co., 2007 WL 2343814, *3 (M.D. Pa. Aug. 15, 2007); Marsden v. Federal BOP, 856 F.Supp. 832, 836 (S.D.N.Y. 1994); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893-94 (E.D. Va. 1992). Accordingly, the claim against Salem County Correctional Facility must be dismissed with prejudice.

## V. CONCLUSION

For the reasons set forth above, the claim for constitutionally inadequate medical care arising out of the refusal to provide prescribed knee surgery may proceed as against Dr. Riuz. All other claims must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.

However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome certain deficiencies identified herein, the Court will grant

Plaintiff leave to file an amended complaint.[5]  An appropriate order follows.

                                              **s/ Jerome B. Simandle**
                                              Jerome B. Simandle
                                              United States District Judge

Dated:  **March 5, 2008**

---

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.